## PEDIGO WEBER SHOE CO. v. HACHAR.
### No. 8898.

Court of Civil Appeals of Texas. San Antonio.

Oct. 26, 1932.

H. G. Dickinson, of Laredo, for plaintiff in error.

Edward A. Mullally, of Laredo, for defendant in error.

FLY, C. J.

This case originated in a court of a justice of the peace, where plaintiff in error, hereinafter designated as plaintiff, sued defendant in error, herein called defendant, on an account for $142.20. Plaintiff failed to recover in the justice's court, and the cause was appealed to the district court, where it was tried by jury and a verdict was instructed for defendant.

On May 4, 1928, defendant ordered from plaintiff thirty pairs of shoes, and on May 11, one week later, sought to countermand the order through a telegram. Plaintiff refused to recognize the countermand of the order and afterwards shipped the shoes to defendant, who refused to accept them. No complaint was made as to material, quality, or quantity of the shoes. The only reason given for the cancellation of the order was that the market was overstocked with such shoes which were being sold at a less price than defendant could sell the shoes ordered from plaintiff. It was stipulated in the order for the shoes that no countermand could be made after the order had been approved and the material cut for manufacturing the shoes. They were promptly shipped to defendant. He refused to accept them from the express company. There is no testimony showing that plaintiff reclaimed the shoes and regained possession of them after they had been refused by defendant.

The court found in his instructions to the jury, that "it appears from the pleading and the undisputed evidence that they (the shoes) were to be manufactured to fill the order, and that on the 11th day of May the defendant, by telegram, countermanded the order and at the time of the receipt thereof the material for the shoes had been cut but the manufacture had not been completed." The judgment of the trial judge seems to be based on the assumption that plaintiff took possession of the shoes after their rejection by defendant and is holding the shoes and suing for their value. The testimony does not bear out the assumption. The testimony left the shoes in the possession of the carrier in Laredo, and if plaintiff rescued possession of the shoes defendant should have proved that fact. He did not prove it. Upon what the court assumed that plaintiff had the property and desired also to recover the full value of it is not disclosed by the record. No such defense was pleaded by defendant. The burden of proof to show the facts assumed by the trial court existed rested on defendant.

According to the pleadings and evidence there were but two issues: Did defendant make the order; and, if so, did he cancel it before plaintiff had executed the order in whole or in part?

The judgment is reversed, and the cause remanded.